NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6527
    Facsimile: (213) 894-6269
    E-mail:    scott.paetty@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR A SEARCH AND SEIZURE WARRANT FOR THE PREMISES KNOWN AND DESCRIBED AS 954 E. 99TH STREET, BROOKLYN, NY 11236 AND ANY CLOSED CONTAINERS AND ELECTRONIC DEVICES CONTAINED THEREIN | CR MISC No. 2:20-MJ-01226<br><br>GOVERNMENT'S *EX PARTE* APPLICATION FOR FIRST EXTENSION OF TIME WITHIN WHICH TO RETAIN AND SEARCH DIGITAL DEVICES; DECLARATION OF SCOTT PAETTY<br><br>**(UNDER SEAL)** |

    The United States of America, by and through its counsel of record, Assistant United States Attorney Scott Paetty, hereby applies for an order extending by 120 days the time within which the government may retain and search digital devices seized pursuant to a federal search warrant.

//

//

//

//

This application is based on the attached declaration of Scott Paetty and the files and records of this case, including the underlying search warrant and affidavit in support thereof.

Dated: March 18, 2020                    Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

_____
SCOTT PAETTY
Assistant United States Attorney

Attorneys for Applicant
UNITED STATES OF AMERICA

**DECLARATION OF SCOTT PAETTY**

I, Scott Paetty, hereby declare and state:

1. I am an Assistant United States Attorney assigned to this investigation for United States Attorney's Office for the Central District of California.

2. This declaration is made in support of a request for an order permitting the government to retain and search, pursuant to the terms of the original warrant in this matter, for an additional 120 days, the following digital devices seized pursuant to the warrant described below (the "SUBJECT DIGITAL DEVICES"):

    a. Samsung tablet, serial number R22C8010KPT
    b. LG tablet, serial number 503CQRN703782
    c. Amazon tablet, model SV98LN
    d. AT&T sim card 89014104243458231418
    e. Gateway desktop computer, serial number DTGDDAA01624102E059200
    f. Apple iPhone, serial number 353110101594307
    g. Network Video Recorder, home security system, belonging to Okechukwu Nwofor
    h. Apple iPhone, Model A1921 belonging to Obinna Nwofor
    i. Apple desktop computer, serial number W89210490TF
    j. Apple MacBook, serial number C0ZGYH7LDJYC
    k. Apple iPad, serial number F9FQU3JKFLMK
    l. Apple MacBook, belonging to Okechukwu Nwofor, FBI barcode number E6532810.

3. On December 2, 2019, a Special Agent of the Federal Bureau of Investigation obtained a federal search warrant issued by the Honorable Judge Vera M. Scanlon, United States Magistrate Judge in

the Eastern District of New York, authorizing the search of 954 E. 99th Street, Brooklyn, New York 11236 (the "SUBJECT PREMISES"). A true and accurate copy of the warrant and supporting affidavit is attached as Exhibit 1. The warrant, which is incorporated herein by reference, authorized the seizure of digital devices, to include desktops, laptops or notebooks, from the SUBJECT PREMISES found on the person of or in the possession of Okechukwu Nwofor, Obinna Nwofor or Obiageli Ezeanolue-Nwofor, for a period of 120 days, to allow the government to search such devices for evidence of violations of Title 18, sections 1341 (mail fraud); 1343 (wire fraud); 1344 (bank fraud); 1028A (aggravated identity theft); and 1956(h) (conspiracy to engage in money laundering), among other crimes.

4. On December 4, 2019, federal agents executed the warrant and seized 22 total digital devices, including the 12 SUBJECT DIGITAL DEVICES.

5. This is the first request for an extension. The current deadline by which the government must complete its review of the SUBJECT DIGITAL DEVICES is April 2, 2020.

6. Based on information provided to me by agents assigned to this matter, I understand the following:

    a. A complete review for pertinent data has been completed on 10 of the 22 devices that were seized.

    b. A review of the SUBJECT DIGITAL DEVICES remains to be completed. The case agents have conducted a cursory review of the Apple iPhones and iPads listed above and pertinent information to the fraud was identified. However, the agents encountered technical issues while imaging the iPhone devices, and they were sent to Computer Analysis Response Team ("CART") and the Regional Computer

2

Forensic Lab ("RCFL") for assistance.  The RCFL had a backlog and Apple iPhone, serial number 353110101594307, has still not been imaged and has not been returned to the case agents for review.  CART was able to image Apple iPhone, Model A1921 belonging to Obinna Nwofor and the case agents are in the process of reviewing the contents.

        c.    The laptops seized were provided to CART for imaging; however, there were issues with certain laptops that delayed their processing and review.  For example, Apple MacBook, serial number C0ZGYH7LDJYC did not have a power cord and the case agents had to purchase one.  Moreover, there are still issues with accessing the computer due to an unknown username and password.  The agents spent additional time identifying the correct password for Apple MacBook, belonging to Okechukwu Nwofor, FBI barcode number E6532810.

    7.    For the following reasons, the government is requesting an additional 120 days to complete its review of the SUBJECT DIGITAL DEVICES:

        a.    The forensic review of digital devices is time consuming.  Agents cannot simply turn on computers and review their contents because merely turning on a computer and reviewing its contents changes the data on the computer.  Specialized computer software is therefore needed to ensure that evidence remains in a pristine and usable condition, and is not affected by the review process.  The review also must be conducted by agents who have received specialized training to ensure that the review is done thoroughly and in a forensically sound fashion.  This process takes substantial time.

b.   More forensic work needs to be done on the SUBJECT DIGITAL DEVICES.  Taking into consideration the issues described above, the imaging of these devices by specialized units like CART and RCFL image will take considerable time.

c.   As described above, there were multiple technical problems encountered during initial attempts to image the iPhones. Each iPhone took many hours to complete.  Once the images were completed, the case agents discovered that not all relevant information, including text messages, had downloaded.  Therefore, there was significant time spent before ultimately sending the iPhones to CART and RCFL.  RCFL is backlogged and therefore the imaging of the main subject's phone, OKECHUKWU NWOFOR, is still not complete.

d.   During the search warrant period, one target attempted to flee the country.  The case agents had to arrest that defendant and coordinate a proffer that was located in another state.  This caused additional delay in the review of the SUBJECT DIGITAL DEVICES. Furthermore, both case agents also have other large cases that required their attention during the review period thus limiting their available time to review the devices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: March 18, 2020

_____
SCOTT PAETTY

4